# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1286

_____

Coy R. Phelps,

*Plaintiff - Appellant*,

v.

Loretta E. Lynch, U.S. Attorney General[*]; Charles Samuels, FBOP Chief
Administrative Officer; Linda Sanders, Warden; United States of America,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 29, 2015
Filed: May 26, 2015
[Unpublished]

_____

Before COLLOTON, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

---

[*]Loretta E. Lynch is automatically substituted for Eric H. Holder. Fed. R. App.
P. 43(c)(2).

Coy Phelps was committed to the custody of the Attorney General after he was found not guilty of federal criminal offenses by reason of insanity in 1986. *See* 18 U.S.C. § 4243. Phelps is detained at the United States Medical Center in Springfield, Missouri.

In November 2014, Phelps filed a pro se, fee-paid civil complaint in the district court, claiming violations of his constitutional rights. The district court reviewed the complaint before service of process and initially dismissed some of Phelps's claims on the ground that they should have been asserted in a pending habeas corpus case. The court also ordered Phelps to amend his complaint. Phelps did not amend his complaint. Instead, he filed a motion requesting reconsideration of the order to amend, and providing reasons for the request. The district court then entered another preservice order, this time dismissing the entire action without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), based on Phelps's failure to comply with the court's previous order to amend. Phelps thereafter filed this appeal and paid the filing fee.

We conclude that the initial preservice dismissal of claims was improper. *Cf. Hake v. Clarke*, 91 F.3d 1129, 1131-32 (8th Cir. 1996) (per curiam). Phelps was not a prisoner, as required for 28 U.S.C. § 1915A to apply, *see Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), and he had not sought leave to proceed in forma pauperis, as required for 28 U.S.C. § 1915(e)(2)(B) to apply. In addition, the claims were not subject to dismissal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1331. We further conclude that dismissal under Rule 41(b) was unwarranted, because the district court lacked authority to conduct the underlying preservice screening. *See M.S. v. Wemers*, 557 F.2d 170, 175 (8th Cir. 1977).

Accordingly, we vacate the judgment and remand for further proceedings.

_____